[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REVIEW OF THE CLERK'S "CORRECTED"TAXATION OF COSTS (#123)
1.
 Allowed Costs
CT Page 4622
The complainant's demand for relief was "greater than Fifteen Thousand ($15,000.00) Dollars exclusive of interest and costs." The Officer's Return enumerates fees of $68.40. The complaint and officer's return were filed in this court on September 18, 1992. Defendant's attorney filed an appearance September 24, 1992 and claimed this case for jury list on October 26, 1992. Apparently the same attorney claimed this case for jury list a second time on February 26, 1993. (See #108).
On October 22, 1993 plaintiff claimed this case for the jury docket. (See #110).
On September 28, 1995 plaintiff offered to take judgment of the defendant in the amount of $7,500.00. (See #112). Apparently the case was referred to arbitration and defendant objected. (See #113). No court order addressed that objection.
Plaintiff next offered to take judgment for the sum of $1,500.00. (See #114 filed October 17, 1995).
On October 19, 1995 plaintiff filed "Acceptance of Defendant's Offer of Judgment" in the amount of $1,500.00 plus costs. (See #115).
On December 20, 1995 Judgment entered in the sum of "$1,500.00 plus costs." (See #115).
On February 6, 1996 plaintiffs filed their Bill of Cost. A corrected notice was dated and sent on April 8, 1996 to the parties stating:
"Corrected Computation of Bill of Costs
 Complaint (5 pages) $ 13.00 Service of process 51.40 Court entry fee 150.00 Jury fee 250.00 Investigative costs 200.00 ------ $664.40"
 "Sec. 52-259. Court fees. There shall be paid to the clerks for entering . . . each civil cause in the superior court, one hundred fifty dollars: except" (not applicable in this case). CT Page 4623
The claim for relief as noted above was greater than $15,000.00. The file has no amendment or change of that claim. The clerk imposes the mandate of the statute for entering each civil cause in the superior court. The record is barren of any court order or agreement that changes the fact that the entry fee was paid and proper. The parties take the file as maintained and the court must recognize it as it exits.
 "Sec. 52-257 (entitled) Fees of parties in civil actions." States in part "(a) the fees of parties in civil actions in which the matter in demand is not less than fifteen thousand dollars shall be: (etc.) the prevailing party in any such civil action shall receive by way of indemnity, the following sums:" (etc.)
(b) parties shall also receive. . . . (c) court and clerk's fees."
It is clear in the record that plaintiff's acceptance of Defendant's Offer of Judgment (See #115) stated "plus costs" and that
"the Plaintiff's Bill of Costs is attached."
The Writ, Summons and Complaint Return on file indicates:
 Fees: Travel $ 5.00 Service 40.00 Copies 21.00 Ends 2.40 ------ $68.40
This return also indicates abode service to Henry Gee and Alfreda Gee and in hand service to Rebecca Thompson. (Three defendants).
Attorney Dominic P. Del Sole entered an appearance on behalf of Henry Gee and Alfreda Gee only. A credit of $17.00 was attributed to the $68.40 above for service on Rebecca Thompson resulting in the $51.40 approved for service in the corrected notice of $644.40.
The jury fee was originally paid by the defendant. The CT Page 4624 plaintiff is not entitled to be reimbursed again by the defendant. The defendant is entitled to a credit of $250.00 against the above stated $664.40.
The court entry fee of $150.00 is clearly covered above by the statutes quoted above.
This case was returned to court as above noted. The entry fee was predicated on the quoted demand for relief.
The parties agreed to settle "a doubtful and disputed claim" for $1,500.00 plus costs.
Settlements are encouraged. However, the facts in the file are facts that the court is not permitted to change.
The Corrected Notice dated April 8, 1996 is affirmed less the jury fee of $250.00 for a total of $414.40.
The parties of course may pursue their respective claims for the duplicate jury fees paid to the clerk. The court has no authority to dictate to the clerk's office on any claim for reimbursement.
John N. Reynolds State Trial Referee